## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIBEL ROSALES | : | |
| PLAINTIFF | : | |
| V. | : | Civil Action No. _____ |
| | : | |
| EXTENDICARE HEALTH SERVICES, | : | |
| INC. D/B/A STONEBRIDGE HEALTH & | : | |
| REHABILITATION CENTER | : | |
| | : | |
| AND | : | *Electronically Filed* |
| | : | |
| DAN DEITZEL, INDIVIDUALLY | : | |
| | : | |
| AND | : | |
| | : | |
| TAMMY DALPIAZ, INDIVIDUALLY | : | |
| | : | |
| DEFENDANTS. | : | **JURY TRIAL DEMANDED** |

## COMPLAINT FOR
## DECLARATORY, EQUITABLE, AND MONETARY RELIEF

Plaintiff, Maribel Rosales (hereinafter "Mrs. Rosales") claims damages upon a cause of action against the above-captioned Defendants, collectively and individually, for race and national origin discrimination and retaliation in violation of Title VII of the Civil Rights Act and/or the Pennsylvania Human Relations Act whereof the following is a statement:

## JURISDICTION

1.   This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, as a case arising under the laws of the United States. Jurisdiction is invoked pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq* which provides for original jurisdiction of Mrs. Rosales' claims arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

2.   Mrs. Rosales filed a complaint with the United States Equal Employment Opportunity Commission, Charge Number 530-2015-01711 which was dually filed with the Pennsylvania Human Relations Commission.

3.   On or about October 30, 2015, the EEOC issued a Notice of Right to Sue letter to Mrs. Rosales.

4.   Therefore, Mrs. Rosales has exhausted all administrative remedies and has taken all other steps necessary to bring this action before this Court.

## VENUE

5.   Paragraphs 1 through 4 are incorporated herein by reference as though set forth in full.

6.   The actions complained of herein occurred within the jurisdiction of this Court and involve a Defendant who resides within its jurisdictional limits.

7.     Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. § 1391(b) and 1391(c) because one or more defendants can be found in the Middle District of Pennsylvania and events or omissions giving rise to Plaintiff's claims have occurred in the Middle District of Pennsylvania.

## PARTIES

8.     Paragraphs 1 through 7 are incorporated herein by reference as though set forth in full.

9.     Plaintiff Maribel Rosales, (hereinafter "Mrs. Rosales") resides in Harrisburg, Dauphin County, Pennsylvania and was employed with Defendant Extendicare Health Services, Inc. as a Certified Nurses Assistant until July 14, 2014.  She is a member of a protected class (national origin – El Salvadoran; race – Hispanic) and engaged in protected EEO activity during her employment with Defendants.

10.    Defendant Extendicare Health Services, Inc. d/b/a Stonebridge Health & Rehabilitation Center employees in excess of 15 employees, and has a principal place of business at 102 Chandra Drive, Duncannon, PA  17020 and is an "employer" pursuant to Title VII of the Civil Rights Act and the Pennsylvania Human Relations Act.

11.    Defendant Dan Deitzel (hereinafter "Respondent Deitzel"), during times relevant hereto, has been employed as the Nursing Home Administrator with

the Stonebridge Health & Rehab Center.  In his position, he directly controlled the terms, conditions, and privileges of Mrs. Rosales' employment.  He is being named in his individual capacity for aiding and abetting in discrimination and retaliation under the Pennsylvania Human Relations Act.

12. Defendant Tammy Dalpiaz (hereinafter "Defendant Dalpiaz"), during times relevant hereto, has been employed as the Director of Nursing with the Stonebridge Health & Rehab Center.  In her position, she directly controlled the terms, conditions, and privileges of Mrs. Rosales' employment.  She is being named in her individual capacity for aiding and abetting in discrimination and retaliation under the Pennsylvania Human Relations Act.

## FACTUAL ALLEGATIONS

13. Paragraphs 1 through 12 are incorporated herein by reference as though set forth in full.

14. Plaintiff, Maribel Rosales, is a member of a protected class – (national oirigin – El Salvadoran; race – Hispanic).

15. She holds a Certified Nursing Assistant (CNA) certificate, is a mother and a grandmother.

16. Mrs. Rosales began working for the Defendant Stonebridge Health & Rehab Center on or about January 22, 2013 as a CNA.

17.  In her position, Mrs. Rosales worked 37.5 or more hours per week and earned $11.17 per hour, plus overtime and benefits.

18.  Stonebridge Health & Rehab Center is located in Duncannon, Perry County, Pennsylvania.

19.  During Mrs. Rosales' employment, the Nursing Home Administrator was Daniel Deitzel (race – Caucasian), who had supervisory authority over Mrs. Rosales, including the ability to fire her.

20.  During her employment, Mrs. Rosales was the only El Salvadoran CNA and the only Hispanic CNA employed with Stonebridge Health & Rehab Center.

21.  Throughout her employment with Stonebridge Health & Rehab Center, Mrs. Rosales was subject to a hostile work environment because of race and national origin.

22.  She was regularly falsely accused of abusing residents, suspended, and reinstated with back pay because the accusations were unsubstantiated.

23.  On March 19, 2013, Mrs. Rosales submitted a written complaint to Defendants regarding discriminatory treatment by Patricia Hann, the R.N. Night Shift Supervisor.

24.  According to Mrs. Rosales' written complaint, Patricia Hann (race – Caucasian) called her names, including "ignorant", said that Mrs. Rosales should not be "here" doing this job, and backed her into a wall, pointing her

finger in Mrs. Rosales' face saying "Go back to your country, you people come to this country just to bother us and take our jobs."

25.     The Defendants failed to take appropriate steps to prevent and correct the unlawful harassment because of Mrs. Rosales' national origin and her race (Hispanic).

26.     Despite Mrs. Rosales engaging in protected EEO activity, Defendants further retaliated against Mrs. Rosales for complaining, including negatively affecting the terms, conditions, and privileges of her employment.

27.     Mrs. Rosales suffered an adverse "tangible employment action" as a result of the hostile work environment, including being suspended and terminated from her job.

28.     On May 11, 2013, someone took Mrs. Rosales' dinner and dumped it in the trash; nothing was done.

29.     On June 23, 2013, derogatory comments were made to Mrs. Rosales about "you people" coming to this country.

30.     On December 4, 2013, discriminatory comments were made to Mrs. Rosales to the effect that "You Latina, go back to Mexico."

31.     On May 18, 2014, Mrs. Rosales was falsely accused by a co-worker of hurting a resident and was suspended.

32.     The investigation revealed that Mrs. Rosales did not hurt the resident.

33.   She was returned to work.

34.   On June 17, 2014, another co-worker falsely reported that Mrs. Rosales failed to give a shower to a resident and mistreated her.

35.   Mrs. Rosales was suspended.

36.   The investigation revealed that Mrs. Rosales did not fail to provide a shower to the resident.

37.   In fact, the resident submitted a letter to Tammy Dalpiaz, Director of Nursing (race – Caucasian), recommending Mrs. Rosales' employment as a CNA.

38.   After the suspension and investigation, Mrs. Rosales was returned to work.

39.   Mrs. Rosales was selected as the "Employee of the Month" in May 2014 which states that:

> Maribel works as a CNA during the evening shift.  Maribel works hard to make sure her residents are well taken care of.  When she is given extra tasks to complete, she always maintains her pleasant disposition.  Maribel gets alone [sic] with the resident's [sic], their families, and the staff.  When you see Maribel, please congratulate her on being our newest employee of the month… Thank you Maribel for all you do to 'help our residents live better!'

40.   When Mrs. Rosales' picture was posted as the Employee of the Month, another employee wrote, "This is a mistake" on the bulletin board and defaced

Mrs. Rosales' picture that was on the bulletin board.

41.   It is believed that other employees complained to the Defendants supervisors that Mrs. Rosales was being subjected to discriminatory treatment, particularly with her picture as Employee of the Month being defaced.

42.   Soon after, on June 20, 2014, Respondent Dalpiaz, the Director of Nursing, handed Mrs. Rosales three write-ups simultaneously:   one write-up for "unauthorized" overtime on April 7, 2014; one write-up for allegedly failing to take and record the weight of residents on April 9, 2014; and the third write-up for failing to provide a shower to a resident on June 17, 2014.

43.   Mrs. Rosales signed the overtime write-up, but refused to sign any other write-ups.

44.   Subsequently, Respondent Dalpiaz resigned as the Director of Nursing and was replaced by Ms. Cristina (Race – Caucasian) as the Director of Nursing.

45.   On July 10, 2014, a co-worker falsely reported that Mrs. Rosales was mistreating a resident.

46.   At that time, the Director of Nursing, called Mrs. Rosales into a meeting and suspended her for the allegation.

47.   Mrs. Rosales specifically complained to the Defendants that she believed she was being discriminated against because of her race and national origin.

48.   Ms. Cristina then investigated the allegation, asking the resident's roommate

what happened.

49. After interviewing the resident's roommate, Ms. Cristina concluded that Mrs. Rosales had again been falsely accused, apologized for the inconvenience, and asked her to return to work.

50. Less than two weeks after Mrs. Rosales complained, on July 22, 2014, Mrs. Rosales was called into a meeting with the Nursing Home Administrator, Daniel Deitzel.

51. At that meeting, Defendant Deitzel gave Mrs. Rosales a write-up alleging she did not get the necessary assistance for a resident.

52. The July 22, 2014 write-up references unsubstantiated write-ups issued to Mrs. Rosales in violation of the Defendants' progressive disciplinary policy.

53. Defendants summarily fired Mrs. Rosales from her employment as a CNA.

54. After being fired from her job, Mrs. Rosales applied for unemployment compensation benefits.

55. In her application for unemployment compensation benefits, Mrs. Rosales indicated she did not violate any of the employer's rules or policies and that she believed she was discriminated against on the basis of her national origin (El Salvadoran) and race (Hispanic).

56. Defendants received Mrs. Rosales application for unemployment compensation benefits.

57. Unemployment Compensation found that Mrs. Rosales did not violate any of the employer's rules or policies and was entitled to benefits.

58. Defendants' actions, including termination of Mrs. Rosales' employment were in direct retaliation for Mrs. Rosales complaining of discrimination and retaliation in violation of federal and state law.

59. As a result of Defendants' retaliatory, hostile, and discriminatory actions against Mrs. Rosales, she has suffered greatly, including but not limited to, loss of her employment, loss of her benefits, loss of her enjoyment of life, and loss of her reputation.

## COUNT I

### National Origin Discrimination
### – Termination of Employment --
### in Violation of Title VII of the Civil Rights Act,
### 42 U.S.C. §2000e et seq.

### Against Defendant Extendicare Health Services, Inc.

60. Paragraphs 1 through 59 are incorporated herein by reference as though set forth in full.

61. Defendants violated Title VII of the Civil Rights Act by discriminating against Mrs. Rosales because of her national origin (El Salvadoran).

62. During her employment with Defendant, Mrs. Rosales was the only El Salvadoran Certified Nursing Assistant employed with Defendant, as more fully outlined herein.

63.     Mrs. Rosales was subject to disparate treatment because of her national origin, including being fired from her employment.

64.     Other individuals employed as Certified Nursing Assistants who were outside of Mrs. Rosales' protected classes were not suspended and fired as Mrs. Rosales was, as more fully outlined herein.

65.     Therefore, Defendant violated Title VII of the Civil Rights Act and the Pennsylvania Human Relations Act.

66.     Defendant engaged in the discriminatory conduct as fully set forth above and incorporated herein by reference with malice and/or intentional indifference to Mrs. Rosales' statutory civil rights protected by federal and state law.

67.     As a direct and proximate result of Defendant's actions and omissions, Mrs. Rosales has suffered and will continue to suffer loss of employment, lost wages, mental anguish, anxiety, personal humiliation, painful embarrassment, disruption of her personal life, and loss of enjoyment of life.

68.     The acts complained of were extreme and outrageous, and were engaged in with malice and/or reckless indifference to Mrs. Rosales well being, thereby entitling her to punitive damages.

## COUNT II

***National Origin Discrimination
– Termination of Employment --
in Violation of the Pennsylvania Human Relations Act,
43 Pa.C.S.A. §951 et seq.***

***Against All Defendants, Collectively and Individually***

69.    Paragraphs 1 through 68 are incorporated herein by reference as though set forth in full.

70.    Defendants violated the Pennsylvania Human Relations Act by discriminating against Mrs. Rosales because of her national origin (El Salvadoran).

71.    During her employment with Defendants, Mrs. Rosales was the only El Salvadoran Certified Nursing Assistant employed with Defendants, as more fully outlined herein.

72.    Mrs. Rosales was subject to disparate treatment because of her national origin, including being fired from her employment.

73.    Other individuals employed as Certified Nursing Assistants who were outside of Mrs. Rosales' protected classes were not suspended and fired as Mrs. Rosales was, as more fully outlined herein.

74.    Therefore, Defendants violated Title VII of the Civil Rights Act and the Pennsylvania Human Relations Act.

75.     Defendants engaged in the discriminatory conduct as fully set forth above and incorporated herein by reference with malice and/or intentional indifference to Mrs. Rosales' statutory civil rights protected by federal and state law.

76.     As a direct and proximate result of Defendants' actions and omissions, Mrs. Rosales has suffered and will continue to suffer loss of employment, lost wages, mental anguish, anxiety, personal humiliation, painful embarrassment, disruption of her personal life, and loss of enjoyment of life.

77.     The acts complained of were extreme and outrageous, and were engaged in with malice and/or reckless indifference to Mrs. Rosales well being, thereby entitling her to punitive damages.

## COUNT III

### Race Discrimination
### – Termination of Employment --
### in Violation of Title VII of the Civil Rights Act,
### 42 U.S.C. §2000e et seq.

### Against Defendant Extendicare Health Services, Inc.

78.     Paragraphs 1 through 77 are incorporated herein by reference as though set forth in full.

79.     Defendants violated Title VII of the Civil Rights Act and the Pennsylvania Human Relations Act by discriminating against Mrs. Rosales because of her race (Hispanic).

80.     During her employment with Defendants, Mrs. Rosales was the only Hispanic certified nursing assistant employed with Defendants, as more fully outlined herein.

81.     Mrs. Rosales was subject to disparate treatment because of her national origin, including being fired from her employment.

82.     Other individuals employed as Certified Nursing Assistants who were outside of Mrs. Rosales' protected classes were not suspended and fired as Mrs. Rosales was, as more fully outlined herein.

83.     Therefore, Defendant violated Title VII of the Civil Rights Act.

84.     Defendants engaged in the discriminatory conduct as fully set forth above and incorporated herein by reference with malice and/or intentional indifference to Mrs. Rosales' statutory civil rights protected by federal and state law.

85.     As a direct and proximate result of Defendants' actions and omissions, Mrs. Rosales has suffered and will continue to suffer loss of employment, lost wages, mental anguish, anxiety, personal humiliation, painful

embarrassment, disruption of her personal life, and loss of enjoyment of life.

86. The acts complained of were extreme and outrageous, and were engaged in with malice and/or reckless indifference to Mrs. Rosales' well-being, thereby entitling her to punitive damages.

## COUNT IV

### Race Discrimination
### – Termination of Employment --
### in Violation of the Pennsylvania Human Relations Act,
### 43 Pa.C.S.A. §951 et seq.

### Against All Defendants, Individually and Collectively

87. Paragraphs 1 through 86 are incorporated herein by reference as though set forth in full.

88. Defendants violated the Pennsylvania Human Relations Act by discriminating against Mrs. Rosales because of her race (Hispanic).

89. During her employment with Defendants, Mrs. Rosales was the only Hispanic certified nursing assistant employed with Defendants, as more fully outlined herein.

90. Mrs. Rosales was subject to disparate treatment because of her race, including being fired from her employment.

91.     Other individuals employed as Certified Nursing Assistants who were outside of Mrs. Rosales' race were not suspended and fired as Mrs. Rosales was, as more fully outlined herein.

92.     Therefore, Defendants violated the Pennsylvania Human Relations Act.

93.     Defendants engaged in the discriminatory conduct as fully set forth above and incorporated herein by reference with malice and/or intentional indifference to Mrs. Rosales' statutory civil rights protected by federal and state law.

94.     As a direct and proximate result of Defendants' actions and omissions, Mrs. Rosales has suffered and will continue to suffer loss of employment, lost wages, mental anguish, anxiety, personal humiliation, painful embarrassment, disruption of her personal life, and loss of enjoyment of life.

95.     The acts complained of were extreme and outrageous, and were engaged in with malice and/or reckless indifference to Mrs. Rosales' well-being, thereby entitling her to punitive damages.

## COUNT V

**Hostile Work Environment Discrimination in Violation of
Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.***

***Against Defendant Extendicare Health Services, Inc.***

96.    Paragraphs 1 through 95 are incorporated herein by reference as though set forth in full.

97.    Mrs. Rosales is a member of a protected class, national origin  - El Salvadoran; race - Hispanic.

98.    Defendants were aware of Mrs. Rosales' national origin and race.

99.    Mrs. Rosales was the only employee of El Salvadoran national origin and the only Hispanic employee.

100.   As more fully outlined herein, Mrs. Rosales was subjected to "discriminatory intimidation, ridicule, and insult" because of her national origin and her race during her employment with Defendants.

101.   The discriminatory intimidation, ridicule, and insult is "sufficiently severe or pervasive to alter the conditions of Mrs. Rosales' employment and created an abusive working environment.

102.   By harassing Mrs. Rosales on the basis of her national origin and race creating a hostile work environment, the Defendant intentionally discriminated against Mrs. Rosales on the basis of her national origin and race in violation of the Title VII of the Civil Rights Act.

103.   Mrs. Rosales suffered intentional discrimination because of her national origin and race; the discrimination was severe or pervasive; the discrimination detrimentally affected her; the discrimination would have

detrimentally affected a reasonable person in like circumstances; and Defendant is liable.

104. Defendant has harbored a hostile work environment based on the national origin and race of Mrs. Rosales due to its breach of duty to investigate Mrs. Rosales' complaints and the hostile work environment Mrs. Rosales was subjected to regularly.

105. Defendant harbored a hostile work environment based on their national origin and racial harassment of Mrs. Rosales' due to its failure to take action to attempt to rectify the complaints of harassment when Mrs. Rosales made Defendant and their agents aware of it.

106. Defendant's workplace was permeated with discriminatory intimidation, ridicule, and insult, and is sufficiently severe or pervasive to alter the conditions of Mrs. Rosales' employment and create an abusive working environment.

107. Defendant failed to take prompt and adequate remedial measures to prevent and correct the harassing and discriminatory behavior of its employees.

108. Defendant engaged in such discriminatory conduct intentionally, willfully, and in disregard of the rights of Mrs. Rosales.

109.    As a result of Defendants' unlawful discriminatory practices in violation of Title VII of the Civil Rights Act and the Pennsylvania Human Relations Act, Mrs. Rosales suffered damages and injury.

110.    By participating in and/or causing the negatively-changed working conditions and the above-described adverse workplace actions, Defendant violated Title VII of the Civil Rights Act.

111.    Defendant's violations of Title VII of the Civil Rights Act was wanton, willful and malicious.

112.    As a result of Defendant's willful violations of Title VII of the Civil Rights Act, Mrs. Rosales has suffered damages, including loss of reputation, loss of pay and benefits, loss of future income and growth opportunities, damage to her career, severe stress and anxiety, loss of happiness and well-being, and other emotional distress and compensatory damages.

113.    Defendant engaged in the conduct as fully set forth above and incorporated herein by reference with malice and/or intentional indifference to Mrs. Rosales' statutory civil rights protected by federal law.

114.    The acts complained of were extreme and outrageous, and were engaged in with malice and/or reckless indifference to Mrs. Rosales' well-being, thereby entitling her to punitive damages.

115.   Thus, Defendant willfully violated Title VII of the Civil Rights Act when it subjected Mrs. Rosales to a severe and/or pervasive hostile work environment because of her national origin and is liable to Mrs. Rosales for monetary, compensatory and punitive damages, along with attorneys' fees and costs.

## COUNT VI

**Hostile Work Environment Discrimination in Violation of
the Pennsylvania Human Relations Act,
43 Pa.C.S.A. §951 *et seq.***

*Against All Defendants, Individually and Collectively*

116.   Defendant has Paragraphs 1 through 115 are incorporated herein by reference as though set forth in full.

117.   Mrs. Rosales is a member of a protected class, national origin  - El Salvadoran; race - Hispanic.

118.   Defendants were aware of Mrs. Rosales' national origin and race.

119.   Mrs. Rosales was the only employee of El Salvadoran national origin and the only Hispanic employee.

120.   As more fully outlined herein, Mrs. Rosales was subjected to "discriminatory intimidation, ridicule, and insult" because of her national origin and her race during her employment with Defendants.

121.   The discriminatory intimidation, ridicule, and insult is "sufficiently severe or pervasive to alter the conditions of Mrs. Rosales' employment and created an abusive working environment.

122.   By harassing Mrs. Rosales on the basis of her national origin and race creating a hostile work environment, the Defendants intentionally discriminated against Mrs. Rosales on the basis of her national origin and race in violation of the Title VII of the Civil Rights Act.

123.   Mrs. Rosales suffered intentional discrimination because of her national origin and race; the discrimination was severe or pervasive; the discrimination detrimentally affected her; the discrimination would have detrimentally affected a reasonable person in like circumstances; and Defendants are liable.

124.   Defendant has harbored a hostile work environment based on the national origin and race of Mrs. Rosales due to its breach of duty to investigate Mrs. Rosales' complaints and the hostile work environment Mrs. Rosales was subjected to regularly.

125.   Defendants harbored a hostile work environment based on their national origin and racial harassment of Mrs. Rosales' due to its failure to take action to attempt to rectify the complaints of harassment when Mrs. Rosales made Defendants and their agents aware of it.

126.   Defendants' workplace was permeated with discriminatory intimidation, ridicule, and insult, and is sufficiently severe or pervasive to alter the conditions of Mrs. Rosales' employment and create an abusive working environment.

127.   Defendants failed to take prompt and adequate remedial measures to prevent and correct the harassing and discriminatory behavior of their employees.

128.   Defendant engaged in such discriminatory conduct intentionally, willfully, and in disregard of the rights of Mrs. Rosales.

129.   As a result of Defendants' unlawful discriminatory practices in violation of the Pennsylvania Human Relations Act, Mrs. Rosales suffered damages and injury.

130.   By participating in and/or causing the negatively-changed working conditions and the above-described adverse workplace actions, Defendants violated the Pennsylvania Human Relations Act.

131.   Defendants' violations of the Pennsylvania Human Relations Act was wanton, willful and malicious.

132.   As a result of Defendants' willful violations of the Pennsylvania Human Relations Act, Mrs. Rosales has suffered damages, including loss of reputation, loss of pay and benefits, loss of future income and growth opportunities, damage to her career, severe stress and anxiety, loss of happiness and well-being, and other emotional distress and compensatory damages.

133.   Defendants engaged in the conduct as fully set forth above and incorporated herein by reference with malice and/or intentional indifference to Mrs. Rosales' statutory civil rights protected by federal law.

134.   Thus, Defendants willfully violated the Pennsylvania Human Relations Act when they subjected Mrs. Rosales to a severe and/or pervasive hostile work environment because of her national origin and is liable to Mrs. Rosales for monetary, compensatory damages, along with attorneys' fees and costs.

## COUNT VII

### Retaliation – in Violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000e *et seq.*

### *Against Defendant Extendicare Health Systems, Inc.*

135.   Paragraphs 1 through 134 are incorporated herein by reference as though set forth in full.

136.   During her employment with the Defendants, Mrs. Rosales asserted her rights under federal and state law to work with Defendants in a non-discriminatory, non-retaliatory environment.

137.   When Mrs. Rosales asserted her rights under federal and state law, Defendant had actual notice of her basis for a discrimination complaint.

138.   After complaining to Defendant, Mrs. Rosales suffered illegal retaliation by Defendant and its employees, including termination of employment, as more fully outlined above, which was materially adverse to a reasonable employee.

139.   For instance, Defendant terminated Mrs. Rosales' employment.

140.   Additionally, Defendant made an inaccurate report of abuse to the Commonwealth of Pennsylvania designed to cause Mrs. Rosales to lose her CNA license.

141.   As a result, Mrs. Rosales has suffered monetary damages, including loss of her salary and benefits.

142.   Mrs. Rosales repeatedly warned Defendant that she was being subjected to discrimination in the form of unfair and disparate practices and being subjected to a hostile work environment by Defendant.

143.   Defendant failed or refused to investigate, alleviate, or eliminate the discrimination being practiced against Mrs. Rosales despite her complaints thereof.

144.   The acts and omissions described herein were illegally motivated by Mrs. Rosales engaging in protected activity and/or being a member of a protected class.

145.   Additionally, the retaliation negatively affected the terms, conditions, and privileges of Mrs. Rosales' employment with Defendant.

146.   Defendant's actions against Mrs. Rosales, including firing her, as more fully outlined above, were harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination.

147.   Defendant has violated the Title VII of the Civil Rights Act in retaliating against Mrs. Rosales for asserting her rights under federal and state law.

148.   As a result of Defendant's willful violations of Title VII, Mrs. Rosales has suffered damages, including loss of reputation, loss of future income and growth opportunities, damage to her career, and loss of happiness and well-being.

149.   By participating in and/or causing the negatively-changed working conditions and the above-described adverse workplace actions Defendant has violated Title VII of the Civil Rights Act, 42 U.S.C. 2000e, *et seq.*

150.   Defendant's violations of Title VII of the Civil Rights Act were wanton, willful and malicious.

151.   Defendant engaged in the retaliatory conduct as fully set forth above and incorporated herein by reference with malice and/or intentional indifference Mrs. Rosales' statutory civil rights protected by federal law.

152.   Thus, Defendant willfully violated Title VII of the Civil Rights Act when it retaliated against Mrs. Rosales and is liable to Mrs. Rosales for economic, compensatory and punitive damages, along with attorneys' fees and costs.

153.   As a result of the termination of her employment with Defendant, Mrs. Rosales has incurred lost pay and benefits.

154.   As a result of Defendant's retaliatory, hostile, and discriminatory actions against Mrs. Rosales, she has suffered greatly, including but not limited to, loss

of her employment, loss of her benefits, loss of her enjoyment of life, and loss of her reputation.

## COUNT VIII

**Retaliation –  in Violation of the Pennsylvania Human Relations Act, 43 Pa.C.S.A. §951 *et seq.***

### *Against All Defendants, Individually and Collectively*

155.   Paragraphs 1 through 154 are incorporated herein by reference as though set forth in full.

156.   During her employment with the Defendants, Mrs. Rosales asserted her rights under federal and state law to work with Defendants in a non-discriminatory, non-retaliatory environment.

157.   When Mrs. Rosales asserted her rights under federal and state law, Defendant had actual notice of her basis for a discrimination complaint.

158.   After complaining to Defendants, Mrs. Rosales suffered illegal retaliation by Defendant and its employees, including termination of employment, as more fully outlined above, which was materially adverse to a reasonable employee.

159.   For instance, Defendants terminated Mrs. Rosales' employment.

160.   Additionally, Defendants made an inaccurate report of abuse to the Commonwealth of Pennsylvania designed to cause Mrs. Rosales to lose her CNA license.

161.   As a result, Mrs. Rosales has suffered monetary damages, including loss of her salary and benefits.

162.   Mrs. Rosales repeatedly warned Defendants that she was being subjected to discrimination in the form of unfair and disparate practices and being subjected to a hostile work environment by Defendants.

163.   Defendants failed or refused to investigate, alleviate, or eliminate the discrimination being practiced against Mrs. Rosales despite her complaints thereof.

164.   The acts and omissions described herein were illegally motivated by Mrs. Rosales engaging in protected activity and/or being a member of a protected class.

165.   Additionally, the retaliation negatively affected the terms, conditions, and privileges of Mrs. Rosales' employment with Defendants.

166.   Defendants' actions against Mrs. Rosales, including firing her, as more fully outlined above, were harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination.

167.   Defendants have violated the Title VII of the Civil Rights Act in retaliating against Mrs. Rosales for asserting her rights under federal and state law.

168.   As a result of Defendants' willful violations of Title VII, Mrs. Rosales has suffered damages, including loss of reputation, loss of future income and growth opportunities, damage to her career, and loss of happiness and well-being.

169.   By participating in and/or causing the negatively-changed working conditions and the above-described adverse workplace actions Defendant has violated the Pennsylvania Human Relations Act.

170.   Defendants' violations of the Pennsylvania Human Relations Act were wanton, willful and malicious.

171.   Defendants engaged in the retaliatory conduct as fully set forth above and incorporated herein by reference with malice and/or intentional indifference Mrs. Rosales' statutory civil rights protected by federal law.

172.   Thus, Defendants willfully violated the Pennsylvania Human Relations Act when they retaliated against Mrs. Rosales and are liable to Mrs. Rosales for economic, compensatory damages, along with attorneys' fees and costs.

173.   As a result of the termination of her employment with Defendants, Mrs. Rosales has incurred lost pay and benefits.

174.   As a result of Defendants' retaliatory, hostile, and discriminatory actions against Mrs. Rosales, she has suffered greatly, including but not limited to, loss of her employment, loss of her benefits, loss of her enjoyment of life, and loss of her reputation.

**JURY TRIAL DEMANDED.**

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, the Plaintiff, Maribel Rosales, respectfully requests that this Court enter judgment in her favor and against the Defendants, individually and collectively, and direct the following relief:

1.  For a judgment declaring Defendants violated Title VII of the Civil Rights Act and its state counterparts;

2.  For a money judgment representing damages, including lost wages, future lost wages and front pay, liquidated damages, punitive damages, and all other sums of money, including retirement benefits and other employment benefits, together with interest thereon for the Defendants' individual and collective willful violations of Title VII of the Civil Rights Act and the Pennsylvania Human Relations Act;

3.  For a money judgment representing prejudgment interest;

4.  For an Order directing Defendants to restore Mrs. Rosales to her position and make her whole;

5.  For an Order directing Defendants to retroactively promote Mrs. Rosales to her position with all attendant benefits and compensation;

6.  That the Court retain jurisdiction over this action until the Defendants have fully complied with the Orders of this Court and that the Court require

Defendants to file such reports as may be necessary to supervise such compliance;

7.     For the costs of suit, including an award of reasonable attorneys' fees;

8.     Fine Defendants for their violations of Title VII of the Civil Rights Act, the Pennsylvania Human Relations Act;

9.     For such other and further relief as may be just and proper, including all relief afforded to victims of discrimination and retaliation under Title VII of the Civil Rights Act and the Pennsylvania Human Relations Act.

**JURY TRIAL DEMANDED**

RESPECTFULLY SUBMITTED

MARIBEL ROSALES

BY AND THROUGH HER ATTORNEYS

/s/ Lisa Matukaitis

_____
Lisa Matukaitis, Esq.
PA Bar ID: #202467
Matukaitis Law LLC
104 STATE STREET
HARRISBURG, PA  17101
Ph. 717.412.7759
Fax 717.412.7764
lm@matlawllc.com
www.matlawllc.com

Dated:  January 19, 2016